## ÆTNA LIFE INSURANCE CO. *v.* FRANCE ET AL.

1. Where a party, in order to effect an insurance upon his life, agreed that if the proposal, answers, and declaration made by him — which he declared to be true, and which were made part and parcel of the policy, the basis of the contract, and upon the faith of which the agreement was entered into — should be found in any respect untrue or fraudulent, then, and in such case, the policy should be null and void, — *Held*, that the company was not liable if the statements made by the insured were not true.

2. The agreement of the parties that the statements were absolutely true, and that their falsity in any respect should void the policy, removes the question of their materiality from the consideration of the court or jury.

ERROR to the Circuit Court of the United States for the Eastern District of Pennsylvania.

The facts are stated in the opinion of the court.

*Mr. Samuel C. Perkins* for the plaintiff in error.

*Mr. Nathan H. Sharpless* for the defendant in error.

MR. JUSTICE HUNT delivered the opinion of the court.

The action was assumpsit to recover $10,000, the amount of a policy insured upon the life of Andrew J. Chew in July, 1865.

The issuing of the policy, the death of Chew, and the service of the necessary proofs of his death, are not seriously disputed.

The policy contained the following clause : —

" And it is also understood and agreed to be the true intent and meaning hereof, that if the proposal, answers, and declaration made by said Andrew J. Chew, and bearing date the twelfth day of July, 1865, and which are hereby made part and parcel of this policy as fully as if herein recited, and upon the faith of which this agreement is made, shall be found in any respect false or fraudulent, then and in such case this policy shall be null and void."

The issuing of the policy was preceded by a proposal for insurance, which contained a number of questions propounded to Chew by the company, with the answers made by him.

In relation to such questions and answers, the policy contained this clause : —

" It is hereby declared that the above are correct and true answers to the foregoing questions ; and it is understood and agreed by the undersigned that the above statements shall form the basis of the contract for insurance, and also that any untrue or fraudulent answers, any suppression of facts in regard to the party's health, or neglect to pay the premium on or before the day it becomes due, shall render the policy null and void, and forfeit all payments made thereon."

Among others were the following questions and answers ; viz. : —

" 4. *Q.* Place and date of birth of the party whose life is to be insured ?

" *A.* Born in 1835, interlined (Oct. 28), Gloster County, N. J.

" 5. *Q.* Age next birthday ?

" *A.* Thirty years.

" 11. *Q.* Has the party ever had any of the following diseases ? if so, how long, and to what extent ? — palsy, dropsy, palpitation, spitting of blood, epilepsy, yellow fever, consumption, rupture, apoplexy, asthma, convulsions, paralysis, bronchitis, disease of the heart, disease of the lungs, insanity, gout, fistula, affection of the brain, fits.

" *A.* None."

Evidence upon both sides was given as to the age of Chew, tending to show that he was thirty-seven years old, or at least

thirty-five years old, when he signed the application, and upon the question of his having suffered from a rupture. Before the case was submitted to the jury, a number of requests to charge were made by the judge, which will be referred to presently.

In its main features, this case bears a close resemblance to that of *Jeffries* v. *Life Ins. Co.*, decided at the last term of this court. 22 Wall. 47. In that case, as in this, it was insisted that the falsity of a statement made in the application did not vitiate the policy issued upon it, unless the statement so made was material to the risk assumed. The opinion then delivered contains the following language in answer to that claim : —

" The proposition at the foundation of this point is this, that the statements and declaration made in the policy shall be true.

" This stipulation is not expressed to be made as to important or material statements only, or to those supposed to be material, but as to all statements. The statements need not come up to the degree of warranties. They may not be representations even, if this term conveys an idea of an affirmation having any technical character. Statements and declarations is the expression, — what the applicant states, and what the applicant declares. Nothing can be more simple. If he makes any statement in the application, it must be true. If he makes any declaration in the application, it must be true. A faithful performance of this agreement is made an express condition *to the existence* of a liability on the part of the company."

This decision is so recent, and so precise in its application, that it is not necessary to go back of it. It is only necessary to reiterate that all the statements contained in the proposal must be true; that the materiality of such statements is removed from the consideration of a court or jury by the agreement of the parties that such statements are absolutely true, and that, if untrue in any respect, the policy shall be void.

The judge was requested to charge, —

5. If the jury believe that the answers to questions Nos. 4 and 5 in the application for insurance, as to the date of birth, and age next birthday, of said Andrew J. Chew, were false and untrue, the policy issued upon the application is void, and their verdict must be for the defendants.

In response to this request, the judge said, " If the jury be-

lieve that the answer to the questions numbered 4 and 5 were materially untrue as to the age of the said Andrew J. Chew, the policy is void, and the verdict must be for the defendants." The defendants were entitled to the charge they requested, without the addition made by the judge of the word " materially." The judge, however, proceeded to say, " And if he was thirty-seven, or even thirty-five years old, the difference was not immaterial. I give the fifth instruction as requested."

The process of reasoning by which the learned judge reached his conclusion on this point we have held to be erroneous: viz., that, to make the representation important, it must be material to the risk assumed; that the representation that he was but thirty years old, when he was thirty-seven, or even thirty-five, was material to the risk; and, if the jury believed that he was of the greater age mentioned, their verdict must be for the defendants; and therefore he charged as requested. The charge should have been, that, as Chew had represented himself to be but thirty years of age, if the jury found him then to be thirty-five years old the false statement would avoid the policy, and they must find for the defendants, resting his direction upon the falsity alone of the statement.

Still we do not see that the defendants can ask relief for this reason. The charge was right, and could not be misunderstood by the jury. The allegation of the defendants was that Chew had misrepresented his age in the manner stated, and therefore the policy should be adjudged void. The judge charged, that, if he had so misrepresented, the policy was void, and the verdict must be for the defendants. We think no valid exception can be taken to this charge.

Upon the subject of the disease of rupture, or of having been ruptured, the record gives this statement; viz., the defendants requested the court to charge the jury, —

6. If the jury believe that the answer to question No. 11 in the application for insurance, whether said Andrew J. Chew ever had any of the diseases therein specified, &c., was false and untrue as to any one of said diseases, the policy issued upon the application is void, and their verdict must be for the defendants.

7. If, at the time when the application for insurance was made and the policy issued, Andrew J. Chew was or had been ruptured, he was bound, in answer to question No. 11, to state the fact, and also how long, and to what extent; and, if the jury believe that at the time mentioned he was or had been ruptured, his answer " None " to said question No. 11 was untrue and false, and their verdict must be for the defendants.

The judge declined thus to charge, but said, " If you believe that Andrew J. Chew was ruptured at the time, or at any such previous period that the rupture may have been material to any question of the soundness of his health when his life was insured; or if at that time, or within any such prior period, he wore a truss in order that he might repress hernial extrusion, — your verdict should, in either case, be for the defendants. But though he was ruptured in 1846 and 1854, and although the rupture accidentally recurred in a worse form in 1870 from an extraordinary exertion of strength in lifting a heavy weight, yet if you find that from 1855, or thereabouts, until after the last insurance in 1865, he had no such disease, and was, in all this interval, in the habit of working, and using bodily exercise, and occasionally dancing, bathing, and travelling, and could walk long distances without being fatigued, and either did not wear a truss, or wore it only from continuance of early habit; that his health was not impaired or affected by the former rupture; that it would not, if mentioned, have increased the risk or the premium; and that there was, in this respect, no falsehood or wilful suppression, — I cannot give the instruction seventhly requested in the absolute form in which it is expressed."

This charge was erroneous. It left to the decision of the jury, and under circumstances of much embarrassment, a question which the parties had themselves determined. An ordinary jury of twelve men, without the aid of experts, are poorly qualified to determine a question of medical science. To submit to a jury the question, conceding the fact that Chew was ruptured in the year 1846, and again in the year 1854, and again in a worse form in the year 1870, whether, during an intermediate period from 1855 to 1865, he had no disease of rupture, and that the jury might decide that because he walked and worked and danced and bathed without fatigue, and either

did not wear a truss, or wore it only from continuance of early habit, that his health was not impaired, is to impose a great strain upon the powers of a jury. In the ordinary course of things, persons not skilled in medical science could not know what caused a rupture, whether at any particular time the disease was conquered, because its appearance was not then present, or whether it was suspended to reappear sooner or later. Hernia, or rupture, appears in infants of but a few days old, in youth, maturity, and extreme old age. It manifests itself in the abdomen, the groin, the scrotum, the navel, and the thigh. It is external, or may be internal only. Laurence on Rupture, pp. 4, 10. The author quoted says that this " complaint affects indiscriminately persons of both sexes, of every age, condition, and mode of life. . . . It is true," he says, " that a hernia, if properly managed, is not immediately dangerous to the patient, does not affect his health, or materially diminish his enjoyments ; but it is a source of constant danger, since violent exercise or sudden exertion may bring it from a perfectly innocent state into a condition which frequently proves fatal. . . . The treatment of rupture," he adds, " demands from all these circumstances as great a combination of anatomical skill, with experience and judgment, as that of any disorders in surgery." Pp. 2, 3.

These facts illustrate the gravity of the error committed on the trial of the cause.

The facts and circumstances stated should not have been given to the jury for their judgment. The parties had themselves adjudged and agreed what should be the result if certain facts existed. It was for the jury to determine whether the facts existed ; and, according as they determined upon that point, the one or the other result must necessarily follow. Thus the applicant, when she asked for a policy of insurance, expressly agreed that the answers made by Chew to the questions put to him should be true, and that, if any of them were false, the policy issued to her should be void. She expressly declared, again, that the answers made by him were true, that they formed the basis of the contract of insurance, and that any untrue answer should render the policy void.

It was alleged by the defendants, that when Chew was asked whether he " had ever had any of the following diseases,"

among which was "rupture," and to which he answered "None," that such answer was untrue.

We decided, in the case of *Jeffries* v. *Life Ins. Co.*, *supra*, that the question of the materiality of the answer did not arise; that the parties had determined and agreed that it was material; that their agreement was conclusive on that point; and that the only questions for the jury were, first, Was the representation made? second, Was it false? This principle was precisely embraced within the requests 6 and 7 made in this case, and the judge erred in not charging as therein requested.	*New trial granted.*