BAUMGART and others, Respondents; vs. MODERN WOODMEN OF AMERICA, Appellant.

*May 25 — June 21, 1893.*

(1) *Life insurance: False statements in application: Warranties.*
(2) *Costs on appeal: Printed case.*

1. Where it was expressly stipulated that the statements and answers in an application for membership in a benefit society should be taken and construed as strict warranties, the insurance was avoided by a false statement in such application that the insured had never had a certain disease, although he never knew he had it and his death resulted from other causes.

2. The printed case herein containing 174 pages, while a proper abstract of the record would not fill more than seventy-five pages, allowance is made in the taxation of costs for printing the latter number of pages only.

APPEAL from the Circuit Court for *Rock* County.

The facts are stated in the opinion.

For the appellant the cause was submitted on the briefs of *Silas W. Menzie,* attorney, and *C. T. Heydecker* and *J. G. Johnson,* of counsel. To the point that the contract had been vitiated by the untrue statements and answers in the application, they cited Cooke, Life Ins. secs. 17, 19; *Barteau v. Phœnix Mut. L. Ins. Co.* 67 N. Y. 595; *Cushman v.*

*U. S. L. Ins. Co.* 63 id. 404; *Wilkinson v. Conn. Mut. L. Ins. Co.* 30 Iowa, 119; Bliss, Life Ins. secs. 36, 39; Bacon, Ben. Soc. sec. 197; May, Life Ins. sec. 156; *Swick v. Home L. Ins. Co.* 2 Dill. C. C. 160; *Wilkinson v. Union Mut. L. Ins. Co.* id. 570; *Price v. Phœnix Mut. L. Ins. Co.* 17 Minn. 497–516.

For the respondents there was a brief by *J. B. Doe, J. G. Wickhem,* and *Smith & Pierce,* and oral argument by *J. G. Wickhem* and *William Smith.* They contended, *inter alia,* that the answers to questions in regard to health in an application for life insurance do not bind the applicant to the absolute truth of statements, where answered in good faith, the applicant not having any knowledge that he ·had had any of the diseases mentioned. *Moular v. Am. L. Ins. Co.* 111 U. S. 335; *Bancroft v. Home Ben. Asso.* 120 N. Y. 14; *Meacham v. N. Y. State M. B. Asso.* id. 237; *Home Mut. Ben. Asso. v. Gillispie,* 110 Pa. St. ·84; *Anders v. Knights of Honor,* 51 N. J. Law, 175; *Tucker v. U. S. L. & A. Asso.* 133 N. Y. 548; *Perine v. Grand Lodge A. O. U. W.* 53 N. W. Rep. (Minn.), 367; *Continental L. Ins. Co. v. Young,* 3 Am. St. Rep. 630–634; *Maine Ben. Asso. v. Parks,* 10 id. 79.

LYON, C. J.    This action is upon a benefit certificate for $2,000, alleged to have been issued by the defendant corporation (a benevolent fraternity) upon the life of one August Baumgart, payable at his death to his widow and children, who are the plaintiffs in this action. He joined the defendant fraternity January 13, 1891; was taken sick two days later; and died February 7, 1891, of pneumonia. The cause was tried before the court without a jury. Plaintiffs recovered, and defendant appealed from the judgment against it for the sum specified in the certificate.

The performance by the deceased, August Baumgart, of conditions precedent to the right of plaintiffs to recover is

denied in the answer of the defendant, and facts are alleged therein which, if true, render such benefit certificate invalid for several reasons. Only one of these allegations requires notice, for such allegation is conclusively proved, and, for reasons which will be briefly stated, is fatal to a recovery in the action. None of the other grounds upon which the validity of the certificate is challenged will be determined.

The foundation of the alleged contract of insurance sought to be enforced in this action is an application in writing by the deceased, Baumgart, for membership in the defendant corporation and fraternity, and for benefits upon his life payable to the plaintiffs. Such application is written on a blank prescribed and furnished by the fraternity in accordance with its authorized rules and regulations, and contains the following question: "Have you ever had any of the following disorders or diseases? If so, state when. Give name of physician who treated you for same." Then follows a list of thirty-seven diseases. Among them is piles. The deceased answered the above questions categorically, as to each one of the diseases named, "No;" that is to say, he expressly and positively represented and stated to defendant that he never had piles or any other of the thirty-seven diseases named. He also stipulated with defendant in writing, in respect to such application and answers, as follows: "I agree that said answers and statements form the exclusive and only basis of my application for a benefit certificate, and I agree that the truth of said answers and statements, and each of them, is material to the issuance and validity of said benefit certificate, hereby meaning and intending that said answers and statements, and each of them, are and shall be taken and construed to be strict warranties." Moreover, the contract of insurance indorsed upon the benefit certificate contains this clause: "If any of the statements or declarations in the application for membership, and upon the faith of which this certifi-

cate is issued, shall be found in any respect untrue, then in every such case this certificate shall be null and void and of no effect, and all moneys which shall have been paid, and all rights and benefits which may have accrued on account of this certificate, shall be absolutely forfeited."

Hence we have here a strict warranty, as distinguished from a mere representation, that the deceased never had piles. The distinction between these is fundamental in the law of insurance, and was stated by this court in *Blumer v. Phœnix Ins. Co.* 45 Wis. 622. It requires no further elucidation here. It was there held that a substantial breach of any warranty, whether material to the risk or not, will defeat the policy.

It was competent for the parties to contract as they did. The defendant might lawfully refuse to insure Baumgart except upon condition that he disclosed truly whether he ever had any of the specified diseases, and that his statements and disclosures should be strict warranties, which, if not true, should invalidate the insurance. The defendant imposed these conditions upon the applicant, who accepted them, as it was lawful for him to do, and the contract of insurance was closed on that basis.

Now for the facts. It was conclusively proved on the trial that four months before he applied for membership in defendant fraternity Baumgart had an attack of the piles and diarrhea, and was treated therefor by a physician, who made him several visits. How soon thereafter he recovered, if he did recover, does not appear. Of course this is a substantial breach of the warranty that he never had piles, and it is quite immaterial that his death resulted from other causes. It is also immaterial, if it be true (as the learned circuit judge found), that Baumgart never knew he had the piles. It may be observed, however, that his alleged ignorance in this respect seems incredible, and, were the finding material, it would be difficult to approve·

it.  For these reasons it is impossible to sustain this judgment without violating fundamental principles in the law of insurance which this court has heretofore steadily upheld and enforced.

A printed case which contains 174 pages has been furnished the court.  Much immaterial matter is contained in it, and in its preparation there has seemingly been no attempt to condense.  A proper abstract of the record would not fill more than seventy-five pages.  The clerk will only allow in the taxation of costs for printing that number of pages.

*By the Court.*— The judgment is reversed, and the cause will be remanded with directions to the circuit court to dismiss the complaint on the merits.