## Central Accident Insurance Company v. Mary C. Spence.

### Gen. No. 12,338.

1. ACCIDENT INSURANCE—*burden of proof to establish death.* In an action upon an accident insurance policy, the burden of proof is upon the plaintiff to establish the death of the assured by accident.

2. ACCIDENT INSURANCE—*statement as to age a warranty.* Held, under the application for accident insurance in this case, that the statement of the age of the applicant was a warranty and that the beneficiary could not assert that the misstatement of such age by such appellant was immaterial to the risk.

3. ACCIDENT INSURANCE—*misstatement of age, where a warranty, voids policy.* Where the insured in his application for accident insurance misrepresented his age and the statement of age is made as a warranty, such misstatement voids the policy.

4. ACCIDENT INSURANCE—*statement of age material to risk.* The

assured's statement of his age, even though not a warranty, is, as a matter of law, a material representation in an application for an accident insurance policy.

5. WARRANTIES—*when statements in application for insurance constitute.* When an application for accident insurance is made a part of the policy and the statements therein contained are warranted to be true, they are warranties, and it is of no consequence whether they are or are not material to the risk.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded with directions. Opinion filed April 5, 1906. Rehearing denied April 19, 1906.

**Statement by the Court.** In this case Mary C. Spence, the appellee, as the beneficiary under the policy of insurance hereinafter described, brought suit against the Central Accident Insurance Company, the appellant, in the Superior Court of Cook county, and recovered a judgment of $6,677.03 and costs, to reverse which the appellant has brought this appeal.

The assignments of error cover alleged erroneous rulings sustaining demurrers to various pleas filed by appellant as defendant below, and alleged error in not directing a verdict for the defendant, and not granting a new trial. The course of the pleadings was as follows:

July 5, 1901, the appellee, plaintiff below, Mary C. Spence, filed her declaration against the Central Accident Insurance Company, the appellant, the defendant below. In it she sets up that on May 6, 1897, the defendant issued and delivered to her husband, Robert Spence, a certain insurance policy, which is given in *haec verba.* Portions of the policy are as follows:

"Central Accident Insurance Company of Pittsburg, Pa., in consideration of the warranties and agreements in the application for this policy and of twenty-five dollars, does hereby insure Robert Spence of Chicago, State of Illinois, by occupation a collector, publishing house, under classification select, for the term of twelve months, beginning at noon of sixth day of May, 1897, in the sum of twenty-five dollars per week, against loss of time not exceeding fifty-two consecutive weeks, resulting from bodily injuries

caused solely during the term of this insurance by external violent and accidental means, which shall independently of all other causes immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation above stated, or * * * should death result, caused solely from such injuries alone, within ninety days will pay five thousand dollars and the additions hereinafter provided to Mary C. Spence, wife, if surviving." * * *

The policy is signed by the president and by the secretary of the company and by an agent, and then follows, on the same sheet and page, this: (matters not material to this statement being represented by stars.)

"I accept this as copy of my application, but I agree that the original shall be admitted as the correct application if copy varies therefrom.

Application for Accident Insurance.

To the Central Accident Insurance Company of Pittsburg, Pa.

I hereby apply for an accident policy to be based upon the following statement of facts, all of which I hereby warrant to be true:

1.  (a)  My full name is Robert Spence.
    (b)  Height 5 ft. 10 in.  Weight 134 lbs.  Age 62 years.
         *     *     *     *     *     *     *
         *     *     *     *     *     *     *

I hereby agree that this application and warranty, together with the premium paid by me shall be the basis of the contract between the Company and me, and I accept the policy which said Company shall issue upon the application subject to all the conditions, provisions and classifications contained in such policy or referred to therein, which I understand cannot be altered, changed or waived by any agent of said Company before or after the issuing thereof.

Dated Chicago, Ills., this 6th day of May, 1897."

The declaration, after thus setting out the policy, alleges that afterwards, from time to time, the said insurance policy was by agreement of the parties thereto, and for a valuable consideration, renewed and extended for certain stipulated periods, and that the last of said renewals or

Central Accident Ins. Co. v. Spence.

extensions was made and evidenced by a certain certificate duly executed and delivered by the defendant to said Spence renewing the policy for three months from November 6, 1900, to February 6, 1901, subject to all the conditions of the contract, and evidencing additions to the death benefit of $687.50.

The declaration proceeds to aver that the amount due in case Robert Spence's death occurred under the terms of the general policy was $5,687.50, and that after the making of the last renewal of the policy and during the life of the policy as renewed, on January 14, 1901, Robert Spence, by external, violent and accidental means, by being cut in the neck by a razor, was killed.

It further avers due notice given by the plaintiff as beneficiary to the defendant, and afterward proper proofs of death, and makes the other usual averments of declarations on policies of insurance. It concludes with the consolidated money counts.

To this declaration the defendant filed August 6, 1901, three pleas, called in the abstract 1st, 2nd and 3rd original pleas. The first plea was the general issue. To this plea the plaintiff filed a *similiter*, thus joining issue, and on this issue alone the case was tried and verdict rendered December 8, 1904.

The second plea averred that Robert Spence at the time of the application annexed to the policy of insurance and set out in said declaration May 6, 1897, was of the age of sixty-three years.

To this plea the plaintiff filed a general demurrer, which was sustained October 8, 1903. This ruling is assigned as error, but the alleged error is not argued and was manifestly waived by appellant taking leave to amend and filing an amended second plea to the same effect as the original second plea, but with an additional averment that the several supposed causes of action in the plaintiff's declaration mentioned were one and the same. To this also the plaintiff demurred generally, and on the demurrer being sustained on December 5, 1903, the defendant further amended the

plea by making it aver that at the time of the application Robert Spence was sixty-*four* years of age.

The plaintiff again demurred generally and the demurrer was sustained March 16, 1904. An assignment of error is made on this ruling and insisted on here.

The third plea, filed August 6, 1901, was demurred to, and after the demurrer was sustained October 8, 1903, was by leave of court amended, like the second plea, in order to make it an answer to the whole declaration. It was again amended December 5, 1903, and as then amended it averred that Robert Spence at the time of the application on May 6, 1897, was sixty-four years of age, and that on February 25, 1901, the defendant tendered to the plaintiff the sum of one hundred and five dollars, being the amount of all premiums and sums paid by said Robert Spence on the policy and its renewals, with interest at five per cent. per annum from the date of said payments, and served upon the plaintiff the following notice:

" The undersigned hereby rescinds and declares void the policy of accident insurance issued by it to Robert Spence, May 6, 1897, No. 9,499, and all renewals thereof in which you are named as beneficiary, because of his representation and warranty in his application for said insurance policy that he was sixty-two years of age when said application was made, May 6, 1897, the undersigned having lately and since the death of said Robert Spence ascertained that at said date he was over sixty-three years of age; and the undersigned now tenders and returns to you the sum of $105, being the amount of all premiums and sums paid by said Robert Spence on said policy and renewals, with interest at five per cent. per annum from the date of each payment.

Yours respectfully,

CENTRAL ACCIDENT INSURANCE COMPANY OF PITTSBURG,
By A. D. Morrison, its agent."

It also averred that at the time of said application and the issuance of said policy and renewals thereof, the defendant was ignorant that on May 6, 1897, Robert Spence was more than sixty-two years of age and did not acquire such information until after the death of Robert Spence and until February 20, 1901.

To this second amended third plea the defendant also demurred generally. The demurrer was sustained March 16, 1904, and an assignment of error is made on this ruling and, as we understand, is insisted on in this appeal.

The plaintiff claims, however, that any error committed in sustaining this demurrer was waived by the defendant in filing on March 19, 1904, under leave of court, two additional pleas denominated by it additional fourth and additional fifth plea. The "additional fourth plea" is in fact the same as the second amended third plea, with this further averment:

"That the aforesaid statement of age by said Spence was and is material to the risk assumed by said defendant under said policy, and that the understatement thereof increased the risk and hazard of the defendant thereunder without consideration or additional compensation therefor."

To this plea the plaintiff demurred generally and the demurrer was sustained. This was assigned as error and is insisted on here.

The additional fifth plea states the same facts as the additional fourth plea, but instead of the final averment of that plea, hereinbefore quoted, contains the following:

"That the renewal of said policy upon such original application beyond the age of sixty-five years was contrary to and in violation of a rule of the defendant, to wit: 'Persons under 18 and over 65 are not insurable,' and void."

This additional fifth plea was demurred to generally by the plaintiff and the demurrer sustained. This was assigned as error by the appellant, but this assignment is not argued or insisted on and may be considered as waived, therefore.

The matter involved in the trial which is relied on to secure a reversal of the judgment, is the alleged failure of the plaintiff to carry the burden of establishing by a preponderance of the evidence that Robert Spence came to his death through accidental causes. The defendant claims not only that this fact, necessary to a recovery, was not established by the evidence, but that "the only reasonable inference from all the facts and circumstances" appearing in evidence is that Spence intentionally took his own life.

Because of this state of the evidence, appellant contends
that the trial judge should have taken the cause from the
jury, and failing in this, should after the verdict have
granted a new trial, and that his refusal to do each of these
things at the request of the defendant was erroneous.

MUSGRAVE, VROMAN & LEE, for appellant.

HENRY S. WILCOX, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

It is by no means clear to us that the contention of the
appellant. in this case concerning the lack of any prepon-
derance of evidence in favor of the plaintiff, is not well
made.    The burden was certainly on her to establish the
death of Robert Spence by accident.    The disposition by
us of the other matters involved in the appeal will proba-
bly compel the submission of the case to another jury, and
we therefore forbear to discuss the evidence.    We do not
place our decision upon any view taken by us of the evi-
dence, but upon what we deem erroneous rulings on the
pleadings.

It is unnecessary to pass on the question whether or not
any alleged error in the matter of pleadings is open to ap-
pellant's objection, other than sustaining the plaintiff's
demurrer to the defendant's additional fourth plea, for all
the substantial questions arising on the rulings are involved
in that.    The only contention of the appellant in defending
this case, except that the proof does not show the death of
Robert Spence to have been the result of accident, is that
Robert Spence in making the application for the policy sued
on inaccurately stated his age, placing it at too small a
figure; that when said policy was issued and when the re-
newals thereof were made, the company did not know of
this misstatement, which it discovered after the death of
the assured; and that immediately on learning it, the com-
pany gave notice to the appellee that it had ascertained the
fact of such misstatement and tendered to her the amount
of all premiums and sums paid by Spence on said policy

Central Accident Ins. Co. v. Spence.

and renewals, with interest at five per cent. per annum from the date of each payment.

It asserts these matters of defense in the additional fourth plea, and also avers that the aforesaid statement of age by said Spence was and is material to the risk assumed by defendant under the policy, and that the understatement thereof increased the risk and hazard of the defendant thereunder, without consideration or additional compensation therefor.

To sustain the demurrer to this plea, therefore, the court below must have held as a matter of law that a misrepresentation of his age by Spence in his application, such as was alleged by the plea, was immaterial to the risk, and therefore that any evidence offered to prove the last paragraph of the plea would not be material or competent, and also must have held that the proof of all the other allegations of the plea would furnish no defense to the action.

This view we think erroneous.

First.   We hold the statement concerning his age made by the assured in his application to be under the terms of this application and policy a warranty, and that it is not open to the plaintiff to raise the question whether or not it was material to the risk.

Secondly.   We hold that, although the policy is not one with a self-operating clause for its own cancellation and a forfeiture of the premiums paid in case a warranted statement is untrue, yet it could be disaffirmed for such a breach of warranty even after the death of the assured, provided the company exercised its right to do so within a reasonable time after obtaining knowledge of such breach, by tendering to the beneficiary of the policy the premiums paid.

These two propositions are, of course, sufficient to render the plea under discussion good, but we further hold, thirdly, that if assured's statement alleged to be untrue was not a warranty, it was, as a matter of law, a material representation, the age of the assured being, in a policy of insurance of this kind, as in an ordinary life policy, always

a material matter; and fourthly, that if said statement was a material representation, then its falsity gave to the company the same right of disaffirmation as if it had been a false warranty. Fifthly, we hold that even if, as a matter of law, the statement is not to be considered a material representation, it certainly cannot be considered, as a matter of law, an immaterial representation. The question of its materiality should in that case have been left under this plea to the jury.

The last proposition we do not care to discuss. To reason on it by analogy would open a wide field, and as we hold that in any event the statement of age in an application for a policy like this is material, as a matter of law, and that to rule that it is immaterial is error, even where no evidence to the contrary is offered, it would be an unnecessary discussion of an academic question to attempt to establish the proposition that such a statement of age is not, as a matter of law, immaterial.

The first position taken—that the statement of Spence in the application as to his age was a warranty, and that as such its materiality is not open to question—is justified by the nature and connection of the policy and of the application, their language, and authorities of controlling force with us in relation to such language.

The policy declares that the insurance is made in consideration of the warranties and agreements in the application, and on the same sheet inserts a copy of the application, which by his actual signature, or at least by the acceptance of the policy with a stipulation to that effect plainly printed across it, the assured accepts as a true copy of the original. This application begins: "I hereby apply for an accident policy to be based upon the following statement of facts, all of which I hereby warrant to be true."

The application closes with the clause: "I hereby agree that this application and warranty, together with the premium paid by me, shall be the basis of the contract between the Company and me, and I accept the policy which

said Company shall issue upon the application subject to all the conditions, provisions and classifications contained in such policy or referred to therein, which I understand cannot be altered, changed or waived by any agent of said Company before or after the issuing thereof."

That under these circumstances this statement of age was a warranty, and that, if a warranty, its materiality is not open to question, but has been foreclosed by the agreement of the parties, is the approved doctrine of the authorities.    The application is in effect made a part of the policy, and when an application is so made and the statements therein contained are warranted to be true, they are warranties, and it is of no consequence whether they were or were not material to the risk.    Continental Life Ins. Co. v. Rogers, 119 Ill. 474, p. 482; Thomas v. Fame Ins. Co., 108 Ill. 91; Treat v. Merchants' Life Association, 198 Ill. 431; Connecticut Mutual Life Ins. Co. v. Young, 77 Ill. App. 440; Ætna Life Ins. Co. v. King, 84 Ill. App. 171; Metropolitan Life Ins. Co. v. Zeigler, 69 Ill. App. 447; Peterson v. Manhattan Life Ins. Co., 115 Ill. App. 421; Vose v. Eagle Life & H. Ins. Co., 6 Cush. 42; Jeffries v. Life Ins. Co., 89 U. S. 47; Johnson v. Maine & N. B. Ins. Co., 83 Me. 182; Foote v. Ætna Life Ins. Co., 61 N. Y. 571; Ætna L. Ins. Co. v. France, 91 U. S. 510; Anderson v. Fitzgerald, 4 House of Lords Cases, 483; Dwight v. Germania Life Ins. Co., 103 N. Y. 341; Cushman v. U. S. Life Ins. Co., 63 N. Y. 404; Cobb v. Covenant Mutual Benefit Assoc., 153 Mass. 176; McCallum v. Mutual Life Ins. Co., 55 Hun, 103; Baumgart v. Modern Woodmen of America, 85 Wis. 546; Bacon on Mutual Benefit & Life Ins. Co., sec. 194–197, and sections before and after; May on Life Ins., sec. 156; Bliss on Insurance, section 34.

The second proposition of law affecting this case as above stated, that this policy could be disaffirmed for a false statement warranted. to be true, by the action of the company in tendering the beneficiary the premiums paid within a reasonable time after ascertainment by said company of the fact of the misstatement, is in effect a modification of the

strict law on the subject, and in our view an under—rather than an overstatement of the true rule. That if a warranty which enters into the consideration of the policy is false, then the beneficiary under the policy cannot recover, is the prevailing doctrine on the subject, sustained by the authorities before cited. The contract is void *ab initio*. But it would, as the court says in Dickerson v. Northwestern Life Ins. Co., 200 Ill. 270, at page 276, "be inconsistent to claim that the policy was never in force and at the same time to retain the premiums paid as the consideration for a risk which had never been assumed." Consequently it would seem that in an action in assumpsit for money had and received, the premiums paid could be recovered back, and in an action on the policy with the common counts subjoined to a special count on the policy their amount could be recovered with costs. Whether the effect of failure to tender such premiums back and to notify the beneficiary of the claimed invalidity of the policy could be carried farther than this, or whether "to rescind a contract" and "to declare it void *ab initio*," are not very different and mutually exclusive actions, it is not necessary here to decide. As the writer in the American & English Encyclopedia of Law, quoted by appellant's counsel, says: "Insurance policies usually contain an express provision that the contract of insurance shall be deemed null and void if the facts warranted to be true are untrue, and stipulate that in that event the sums that have been paid as premiums thereunder shall be forfeited to the insurance company." It is logically the forfeiture of the premiums only—not the invalidity of the policy—which rests for its assertion on this clause; but it might be urged that if after obtaining knowledge of the falsity of the warranted statement, the company forbore any action or notice, and especially if it received other premiums from the assured, it must be considered as having waived the falsity of the statement and the consequent invalidity of the policy, and on the other hand affirmed it and rendered it valid. In this view such expressions as "a right to rescind the contract," "an actual

rescission of the contract," and " seeks to rescind *and* de-clare the contract void *ab initio*," quoted by counsel as applicable in cases where no self-operating clause of forfeit-ure is found in the policy, acquire a logical meaning which they otherwise would lack. But the admission is made by appellant in argument that in order to have the benefit of the untruthful warranted statement in the present case, the company was bound to declare that it claimed such benefit on the discovery of the untruthfulness, and to tender back what it had received, and it is unnecessary to inquire whether any more favorable statement of the law to appel-lant in this regard would be justifiable. It has pleaded such claim and tender in the plea adjudged bad.

We think that Dickerson v. Northwestern Mutual Life Insurance Company, 200 Ill. 270, is in point and sustains appellant's contention in this regard.

Our third proposition, that the age of the applicant for the policy sued on was a material matter, and therefore its misstatement in the application a material misrepresenta-tion as a matter of law, is supported by authority, analogy and reason.

In Dolan v. Mutual Reserve Fund Life Association, 173 Mass. 197, the Supreme Judicial Court of Massachusetts so held as to a misstatement of age in an application for life insurance, and the opinion in Aetna Life Ins. Co. v. France, et al., 91 U. S. 510, shows that the judge of the Circuit Court so held as to a discrepancy of five years. It would not seem, however, that this proposition needed authority. That after an early age every year or fraction of a year adds to the nearness and danger of death, no one can deny, and that in the application for ordinary life insurance, even though the policy were one "for a short term," or "an en-dowment policy," which the learned Massachusetts judge delivering the opinion in the Dolan case thought might be exceptions to the rule laid down by him, a statement con-cerning the age of the applicant is material, seems to us self-evident. But it may be said that death resulting from accident is no more likely to happen to one sixty-four years

old than to one sixty-two. We think this is unsound. The greatest healer in the world is the *vis medicatrix* of youth. Old men are less active and alert than younger ones, and therefore both in liability to accidents and in chance of recovery from their effects are at a disadvantage. This makes age material to the risk, and if it is, there is no point at which the line can be drawn and an understatement of it said to be immaterial. The argument of appellee, in which she attempts to reduce appellant's contention to an absurdity by saying that under it the application must state to the exact day the age of appellant, is specious. If the statement of age, for example, had been "over sixty," it would not have been untrue, and if the company took it and did not insist on a more specific statement, it would have been sufficient. But "age, 62 years," has a well-recognized meaning. It is that the applicant is living between the sixty-second and sixty-third anniversaries of his birth. If he did not know that to be the fact, he should have said so and given his age as nearly as he could.

The fourth proposition hereinbefore made, that a misrepresentation material to the risk gives to the company the same right of disaffirmation as a false warranty, is an elementary doctrine of the law of insurance.

As Joyce on Insurance, section 1894, expresses it: "A false representation in regard to material matters will avoid the contract, even though not embraced in the contract, and therefore not a part thereof."

Among the cases in which, in connection with the differences between warranties and representations, the like effect of a false warranty and of a false but material representation, is pointed out with great clearness, are: Anderson v. Fitzgerald, 4 House of Lords Cases, 483; Mutual Benefit Life Ins. Co. v. Miller, 39 Ind. 475; Roth v. City Ins. Co., 6 McLean, 324; Nicoll v. American Ins. Co., 3 Woodbury & Minot, 529; Farmers' Ins. Co. v. Snyder, 16 Wend. 481; Jennings v. The Chenango County Mutual L. Ins. Co., 2 Denio, 75.

As we place our decision entirely upon the error of the court below in sustaining the demurrer to the defendant's additional fourth plea, it is unnecessary to notice the points made by appellee as to the bill of exceptions, as to the action of the court in refusing to take the case from the jury, to grant a new trial, or to arrest the judgment, or as to any pleadings except the fourth additional plea.

As to that plea, the appellee objects that the statement of the age in the application is not alleged by the plea to be a warrranty, and, as a matter of fact, was not a warranty. The plea refers to the declaration in which the policy and application are set out, avers the execution of the application by Spence, and that the statement of age in it was false. This is sufficient. As counsel say, "calling a statement a warranty does not make it one," and conversely, neglecting to call it so does not prevent it from being one, and a court must so regard it, if, when set out, it appears to meet the test.

That the statement involved was shown to be a warranty by the declaration referred to in the plea, we have already indicated that we think the authorities oblige us to decide.

Counsel for appellee further say, that even if the statement complained of was a breach of warranty or a material misrepresentation, yet as the contract of insurance fails to provide that a breach of warranty or a material misrepresentation will make it void, it is not a defense to plead it.

We have hereinbefore pointed out that this, in our view, involves a misconception of the effect of the usual clause of forfeiture. Nor is it in point to discuss the rule of damages in a case of a breach of warranty in the case of a sale of warranted goods. "Warranties" and "material representations" in the law of insurance have a technical meaning, easily to be distinguished from their use in other branches of the law of contracts, and little light on this case can be derived from the law of "warranty," unless it is the law of "warranty" in an application for insurance.

Counsel further urge that the policy must in any case be

"rescinded" on account of the misstatement, before the misstatement can be used as a defense, and that such rescission is impossible after a loss has occurred. He claims also that no such rescission can be made by tender of premiums to the beneficiary, with whom the contract was not made.

The suggestion is not without point, for the repayment to the beneficiary is not placing the insured or his estate in *statu quo*, as a rescission in a strict sense requires. But, as we have already indicated, we do not hold that a disaffirmance and repudiation of the contract because of the misstatement is in a true sense a "rescission," although the word "rescinds" is used in appellant's notice set up in the plea.

The part of the plea subsequent to the allegation of the misstatement is rendered necessary—if it be necessary and not surplusage—only by the inequity of retaining premiums "paid as a consideration for a risk which had never been assumed."

As the beneficiary brought suit, the plea, while setting up the misstatement as avoiding, not rescinding, the contract, purges the defendant from the implication of injustice in retaining premiums it had never earned, by showing an offer of them to the beneficiary; and further shows that it cannot be charged with affirming, by receiving those premiums, a contract void when it was made. If this is superfluous, it does not render the plea bad. We think that the demurrer should not have been sustained.

We reverse the judgment and remand the cause, with directions to the Superior Court to overrule the plaintiff's demurrer to the fourth additional plea of the defendant, and thereafter to take such proper proceedings in the cause as may not be inconsistent with this opinion.

*Reversed and remanded with directions.*