ELIZABETH LEONARD *vs.* STATE MUTUAL LIFE ASSURANCE COMPANY.

PROVIDENCE—MARCH 7, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Life Insurance.  Pleading.*

The defendant can show the falsity of answers in an application for life insurance under the general issue ; and a special plea is not necessary.

(2)  *Life Insurance.  Agent of Company.*

Where the rules of the company required the medical examiner to put the questions and fill out the answers in his own handwriting, he was, in this respect, the agent of the company ; and if he received correct answers and took the signature of the applicant before the answers were recorded, this must be regarded as the action of the company and not within the rule that the writer of the application is the agent of the insured,

(3)  *Life Insurance.  Notice to Agent.*

A medical examiner required to fill out a medical certificate is not the agent of the company for anything more than the certificate.  Notice to him of anything not called for by the certificate is not notice to the company.  He is without authority to waive answers or to give advice binding on the company to write an answer as it was written.

(4)  *Life Insurance.  Warranties.*

Under the rule making the answers of an insured warranties, the falsity of the answers and not the fraud of the insured is the test.

ASSUMPSIT on a policy of life insurance. Heard on petition of defendant for new trial, and judgment ordered for defendant.

. STINESS, C. J.    It is not necessary to consider the exceptions which relate to the pleadings in this case, because the special pleas themselves were not necessary.

(1)    The long-settled rule in this State is that statements in an application for insurance, made as of the applicant's own knowledge, upon which the contract is based, are warranties, the burden of proving which are upon the plaintiff. *Wilson v. Hampden Co.*, 4 R. I. 159 ; *Lyons v. Providence Co.*, 14 R. I. 109 ; *Sweeney v. Metropolitan Co.*, 19 R. I. 171.

In the latter case it was said that they may be sustained, *prima facie*, by the presumption of truth which attaches to a man's solemn acts and declarations in the course of a contract ; but, having been made a part of the contract, the plaintiff must sustain them if they are attacked.

It follows from this that a denial of the truth of the statement does not require a special plea, for they are a part of his case.    Special pleas are never mere denials of necessary averments in the declaration, but they are used where the averments may be true and the plaintiff have a color of action, but some other fact exists which will defeat it.    Familiar illustrations are pleas of the statute of limitations, discharge in bankruptcy, license, justification, and the like.

The defendant was therefore entitled to show, under the general issue, that certain answers were untrue, and to these the plaintiff would reply.    This was done by special pleas, but, as the result was right, the mode of reaching it and the questions of law raised thereby are of no consequence.

It is also a settled rule in this State that one who is only authorized to solicit insurance is not the agent of the company in making the application, and that if he takes part in making the application he is in that respect the agent of the applicant and not of the company.    *Wilson v. Conway Co.*, 4 R. I. 141 ; *Reed v. Equitable Co.*, 17 R. I. 785.

(2)    Two statements in the application are set up by the defence

as untrue : one in omitting to state that two sisters had died of phthisis, and one in stating that the insured did not contemplate other insurance.

The statement in regard to the death of the sisters occurred in the certificate of the medical examiner, and, as in *Leonard* v. *New England Co.*, 22 R. I. 519, the company required the medical examiner to put the questions and fill out the answers in his own handwriting, thereby making the examiner the agent of the company in this respect.   Hence, if this agent received correct answers to the questions and took the signature of the applicant before the answers were recorded, all this must be regarded as the action of the company and not within the rule, above stated, that the writer of the application is the agent of the insured.

Upon this ground there was no error.

The second statement, that he did not contemplate other insurance, is simply a question of fact.   The jury was correctly instructed that it must find the answer to be true in order to return a verdict for the plaintiff.

(3)   The insurance in this company was $3,500, and at the same time Leonard applied for and afterwards received insurance to an equal amount in another company, the same doctor examining for both companies.   The statement about other insurance was not a part of the medical certificate, but of the application filled out by the solicitor of the insurance. The latter testified that when he came to this question he asked the doctor if it would "make any difference," and he said "No."   It is not at all clear what this means, but the argument is that as the examination for both companies took place at the same time, and this answer was made in the presence of the medical examiner, that, therefore, the insured supposed it was all one transaction and that the company had notice of the fact, notwithstanding the answer.

But evidently the insured knew that there were two applications, and the doctor was not the agent of the company for anything more than the medical certificate.   Notice to him, therefore, of anything not called for by his certificate was not notice to the company.   He had no authority to

waive the answer or to give advice binding on the company to write the answer as it was written. Indeed, it is almost incredible that anybody, without an intent to deceive, could have answered the very simple question "Is any application for insurance in any other company now pending or contemplated?" "No," upon the reason that the application was made at that time instead of some other time. At no time could the insured be so certain that he contemplated other insurance as then, while he was being examined for it. The answer was untrue, and the insured was not misled in making it by anyone representing the company in that respect.

(4)    The plaintiff claims, however, that the answer does not avoid the policy, because it was innocently made and the real fact was known to the company's agent. The reply to this claim is that falsity, not fraud, is the basis of liability on a warranty. *Ingraham* v. *Union R. R. Co.*, 19 R. I. 356; *Fogarty* v. *Barnes*, 16 R. I. 627; *Place* v. *Merrill*, 14 R. I. 578.

The cases cited by the plaintiff follow the rule that the one who takes the application is the agent of the company, which is not the rule of this State, and the medical examiner is made the agent of the company only as to that part of the application which he is required to write.

The answer being untrue, and being a part of the contract and relating to a matter within the knowledge of the applicant, it must be regarded as a material misstatement which avoids the contract.

This being conclusive of the rights of the parties, judgment must be for the defendant.

Petition for new trial granted, and case remitted to Common Pleas Division with instructions to enter judgment for the defendant.

*Irving Champlin and Hugh J. Carroll*, for plaintiff.
*Edward D. Bassett*, for defendant.