ROYAL NEIGHBORS OF AMERICA v. FRANCIS H. WALLACE.*

FILED MARCH 19, 1902. No. 11,335.

Commissioner's opinion, Department No. 3.

1. **Application for Insurance:** WARRANTY: CONTRACT: PURPOSE OF PARTIES. Where to hold that certain statements made in an application for insurance are warranties would defeat the ob-

*Rehearing allowed. Former judgment modified.

vious purpose of the parties to the contract, they will be held to be mere representations, even though it is stipulated in the policy that they are warranties. The intention of the parties is to be gathered from the entire contract, and not from any one clause contained therein.

2. Representations: COMMON KNOWLEDGE. Where representations are of such a character that their materiality is a matter of common knowledge, upon which reasonable minds could not differ, it is error to submit the question of their materiality to the jury.

ERROR from the district court for Dodge county. Tried below before GRIMISON, J. *Reversed.*

*J. G. Johnson, Clark C. McNish* and *J. F. Hess,* for plaintiff in error.

*Frank Dolezal, contra.*

ALBERT, C.

On the 10th day of September, 1897, the Royal Neighbors of America, a fraternal association, issued a benefit certificate to Ada Wallace, in which Francis H. Wallace was named as the beneficiary. On the 13th day of March, 1898, and while said certificate was in full force, unless void for the reasons hereinafter mentioned, the assured died. In due time, the beneficiary demanded payment of the amount named in the certificate, which was refused. Thereupon he commenced this action against said association to recover the amount due on the certificate. There was a trial to a jury which resulted in a verdict for the plaintiff, and from a judgment rendered thereon, the defendant prosecutes error to this court.

The certificate contains, among other things, the following provisions: "That the application and medical examination, which is made a part hereof, of said Ada Wallace for membership in the beneficiary department of this order, and which is on file in the office of the beneficiary recorder, and is hereby referred to and made a part of this contract for benefit, is true in all respects, and that the

literal truth of such application and each and every part thereof shall be held to be a strict warranty and to form the only basis of the liability of this order to such member and to the beneficiary or beneficiaries, the same as if fully set forth in this benefit certificate. That should said application, and each and every part thereof, not be literally true, then this benefit certificate shall, as to the member, the beneficiary or beneficiaries, be absolutely null and void." At the close of her application, the assured signed a statement, which, so far as is material at present, is as follows: "I have verified each of the foregoing answers and statements, * * * and declare and warrant that they are full, complete and literally true." One question propounded to the assured in the application was, "Have you within the last seven years consulted any physician in regard to personal ailment? If so, give date, disease and physician's name and address." The assured answered, "Yes, Doctor Deveres, at Fremont." The evidence shows that she had consulted, at least, one other physician, during the specified period. The defendant insists that, such being the case, her answer was not "full and complete," within the meaning of the clause just quoted. We think otherwise. The question is not whether she had consulted any physicians, and, if so, to give their names and addresses, but whether she had consulted any physician, and, if so, to give physician's name and address. The assured might well infer from the question that the association wanted the name of some physician she had consulted during that period, and that one such name would serve its purpose. The answer was full, complete, and, as appears from the evidence, literally true. The trial court committed no error in so instructing the jury. In addition to the foregoing, among the questions and answers contained in the application and medical examination, are the following: Q. "Are you now of sound body and mind, in good health, and free from disease?" Ans. "Yes." Q. "Have you ever had any serious illness, local disease or personal injury." Ans. "No." Q. "Have you ever had

any. disease of the lungs?" Ans. "No." Q. "Have you ever had any hemorrhages?" Ans. "No." Q. "Have you ever had any consumption?" Ans. "No." It is charged in the answer that the foregoing answers given by the assured, were knowingly and willfully false, that they were material to the risk and were relied upon by the defendant. It is first insisted by the defendant that the trial court erred in holding that such answers were mere representations and not warranties. It is fair to presume that the association dealt with the assured in good faith, and that its acceptance of her premium, receiving her into the order and issuance to her of the certificate in question, was more than an idle ceremony, and that it intended thereby to bind itself by a valid contract of insurance. There are upwards of a hundred questions in the application and medical examination. Many of them are of such a character, that no person, however honest his intentions, could answer them with any degree of assurance that each of his answers was literally true. To hold that such questions and answers amount to warranties would be to impute bad faith to the association in pretending to enter into a contract of insurance with the assured which could become binding upon it by the merest chance. This court has held that such answers are not warranties, but mere representations. *Kettenbach v. Omaha Life Ass'n*, 49 Nebr., 842. We are thoroughly satisfied with the conclusion reached in that case. Such being the rule, the complaint under consideration, as well as those based on the action of the trial court in submitting to the jury the question of the good faith of the assured in giving her answers, falls to the ground.

The question of the materiality of the answers, above set out, was submitted to the jury by the trial court, as a question of fact. In our opinion, this was error. There is evidence at least tending to show that the assured had consumption at the time the application was made, and and that she died of such disease. Her answers to the questions under consideration were submitted to the medi-

cal examiner, and formed a part of the information upon which he acted in making a favorable report to the association on her application. The court will take judicial notice of the fact that in forming an opinion as to the physical health and condition of a person a physician is compelled to rely, to some extent, at least, on the statements of the person under examination, and that the value of such opinion depends largely on the truthfulness of such statements. The answers of the assured, and the opinion of the medical examiner, were placed before the association to enable it to decide whether to accept or reject the application. That the risk assumed by an acceptance of the application would depend largely on the facts sought to be elicited by the questions under consideration is a matter of common knowledge; that the nature of the answers of the assured, and of the report of the medical examiner based in part thereon, served as an inducement for the acceptance of the risk, is too clear to admit of doubt. Such being the case, the materiality of such answers is a question upon which reasonable minds could not differ, and its submission to the jury was error. *March v. Metropolitan Life Ins. Co.*, 65 Am. St. Rep. [Pa.], 887; *McGowan v. Supreme Court of Foresters*, 83 N. W. Rep. [Wis.], 775. We are aware of cases which apparently hold a contrary doctrine; but, in such cases, so far as our investigation has led us, the representations were not of such a character as those with which we have to deal in this case. They were such, that their materiality could be determined only in the light of the evidence. In such cases, the materiality is obviously a question for the jury. The record before us presents no such case.

It is recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.