ROYAL NEIGHBORS OF AMERICA v. FRANCIS H. WALLACE.

FILED DECEMBER 3, 1902.   No. 11,335.

Commissioner's opinion, Department No. 1.

1. **Life Insurance:** APPLICATION: PROVINCE OF JURY. Certain statements in an application for life insurance, which are made a part of the policy issued, being representations, the validity of the policy depends upon their substantial truth; and it is

for the jury to say whether the answers were true or false, and if false, whether false in some particular material to the risk. But it is not for the jury to say that the answers, though substantially untrue, were nevertheless immaterial; the materiality of the representations having been by the parties concluded and determined by the form of the contract between them.

2. **Former Opinion Modified.** The rule as announced in the second syllabus of the former opinion in this case, *Royal Neighbors of America v. Wallace*, 64 Nebr., 330, modified, but the decision therein given adhered to.

3. **Life Insurance Policy: INSTRUCTIONS: JURY.** Where in an action upon a life insurance policy, by the instructions of the court the jury are left at liberty to disregard all representations, as immaterial to the risk, it is prejudicial error, requiring the reversal of the case.

4. **Charge to Jury.** Where the charge to the jury, given on the court's own motion, contains a misstatement of the law, the question on review will be whether such misstatement misled the jury, and if it probably did, the judgment will be reversed.

ERROR from the district court for Dodge county. Rehearing of case reported in 64 Nebr., 330. Action in the nature of assumpsit, on a benefit certificate. Tried below before GRIMISON, J. Judgment for plaintiff. Defendant brings error. *Former opinion modified and judgment below reversed.*

*J. G. Johnson, Clark C. McNish* and *J. F. Hess,* for plaintiff in error.

*Frank Dolezal, contra.*

KIRKPATRICK, C.

A prior opinion written in this case is reported in 64 Nebr., 330, wherein the facts are fully set out, and need not be restated herein. In that opinion, in the second paragraph of the syllabus, occurs the following language: "Where representations are of such a character that their materiality is a matter of common knowledge, upon which reasonable minds could not differ, it is error to submit the question of their materiality to the jury."

A motion for rehearing made by defendant in error has been allowed; the question for reconsideration thereby presented being that contained in the syllabus above quoted, all other questions having been eliminated. Defendant in error now contends that the holding of this court that the submission to the jury of the question of the materiality of the representations was reversible error is not well sustained, for several reasons: (1) That such holding is at variance with the prior adjudications of this court; (2) the citations made by this court in support of its conclusion are not in point, because taken from states in which the doctrine of warranties as at common law is adhered to, in which cases the materiality of the statements is not involved; (3) that the submission of the question of materiality of the representations to the jury was, at most, harmless error, because the materiality of the questions is patent to every fair mind, that the jury must be presumed not to have differed from other fair minds, and that there is ample testimony to sustain their verdict, assuming that they regarded the representations as material; and (4) that in giving the instructions submitting the question of materiality, the court literally followed the averments in the answer of the defendant association, in charging that the answers of the assured were knowingly and willfully untrue and were as to facts material to the risk.

If the submission of this question was error, then it must be conceded to have pervaded the entire charge of the court. Only one instruction out of several need be quoted, the instructions being substantially alike:

"8. You are instructed that the fifth point for your determination arises from the following question and answer in the application, to-wit: 'Have you ever had hemorrhages?' Ans. 'No.' If you believe from the evidence that this representation was material to the risk, that it was willfully and knowingly false, and intended by the assured to deceive the defendant, and that the defendant relied upon and acted upon said alleged false and

fraudulent statement, then the plaintiff can not recover, and you should find for the defendant; but, if you believe from the evidence that said representation was true, or true to the best of her knowledge and belief, and was not intentionally made to deceive the defendant; or that it was not material to the risk; or that the defendant did not rely upon it in issuing the certificate, then you should find for the plaintiff on this point."

That the answers to the questions asked of the assured herein were representations, and not warranties, is the law of this case. Before considering the specific contentions of defendant in error made at this hearing, it may be well to examine the question presented, namely, in an action on a life insurance policy, is it error to submit to the jury the question whether the answer made by the assured to a question asked by the company is or is not material to the risk assumed by the insurer? In other words, may the jury be left at liberty to disregard all the testimony with reference to the truth or falsity of a given answer, if to them the question and answer were immaterial to the risk, and conclude that the answer, being immaterial to the risk, it is immaterial whether true or false. Prior decisions of this court have already drawn the plain distinction between a warranty and a representation. *Ætna Ins. Co. v. Simmons,* 49 Nebr., 811. It is the settled law here that statements will not be construed as warranties unless there is no room for another construction. *Modern Woodmen Accident Ass'n v. Shryock,* 54 Nebr., 250. Whether a statement is a representation or a warranty is for the court. The question of the materiality of a warranty can not in any event be either a question for the court or jury, because it is upon the literal truth of a warranty, that the validity of the policy depends, without reference to its materiality. *Ætna Ins. Co. v. Simmons, supra.*

The answers in this case being representations, the validity of the policy did not depend upon their literal truth. It was sufficient if they were substantially true; that is,

were they true in every particular material to the risk? This question was manifestly one for the jury. It was for them to say whether the answer, if false, was false to a degree or in a sense that materially affected the risk, or, in other words, was it false to such an extent that the insurance company, had it known the absolute truth, would not have assumed the risk? This, we apprehend, is the very distinction between a representation and a warranty. In the case of a warranty, it can not be said that, though literally false, it is substantially true. In the case of a representation, the law clearly contemplates that it shall be viewed liberally, and though false, as a matter of fact, to a degree sufficient to defeat the liability of the company if it were a warranty, it may nevertheless, as a representation, be held to be substantially true. An applicant might, in answer to a question, "How old are you?" say that he was thirty; and should the proof show that he was twenty-nine, thirty-one, or thirty-six, it would be for the jury to say whether the answer was false in a particular material to the risk. So, likewise, in the case of a negative answer to the question, "Have you ever had hemorrhages, or spitting of blood?" where the proof might tend to show that the blood-spitting resulted several times from the extraction of a tooth, or an affection of the throat, or had occurred at a remote point of time, and in inconsiderable quantities, in such case the jury would be called upon to say whether the representation, though false if viewed literally, was false in a particular material to the risk. No other view is consistent with the legal conception of a representation. In every instance where the truth of the answer made is denied, and testimony tendered to show its falsity, the substantial truth of the answer must be left to the jury. This we understand to be the doctrine in this state. *Kettenbach v. Omaha Life Ass'n,* 49 Nebr., 842. In the case cited it is said to be the burden of the insurance company to plead and prove that the answers were "false in some particular material to the insurance risk." But quite a different question was submitted to the jury in

this case, namely, the question whether the representa-
tion was material to the risk; the court saying: "If you
believe from the evidence that this representation was
material to the risk"; and further on in the instruction it
is again said, "But if you believe * * * that it was
not material to the risk." Our understanding of the
law is that the jury are to pass upon the materiality
of the variance of an untrue answer from the truth,
but this instruction submits the question of the mate-
riality of the answer itself. It is apparent that by this
instruction and the others like it, the jury were left at
liberty to decide that the question, "Have you ever had
hemorrhages?" was wholly immaterial to the risk, so
that whether the answer was true or false, it would
not affect the liability of the defendant company. The
natural disposition of the human mind to avoid onerous
effort, its proneness to move along the line of least resist-
ance, and to turn away from a long and laborious investi-
gation of conflicting facts, may well suggest the inquiry
whether such an instruction would not encourage a jury
to take a short cut to a verdict; being clearly authorized
by the court to regard all the representations as immate-
rial, being not unlikely to assume in such an event that
the company, having taken the benefits of its contract,
should now assume its burden. If it were a matter of prin-
ciple and reason alone, we would be strongly inclined to
doubt that such an instruction could be sustained.

In *Miller v. Mutual Benefit Life Ins. Co.*, 31 Ia., 216,
.232, it is said: "Whether there has been such substantial
compliance, that is, whether the representation is, in every
material respect, true, is a question of fact for the jury.
But it is not for the jury to say that the representation,
though substantially untrue, is, notwithstanding, imma-
terial."

In *Campbell v. New England Mutual Life Ins. Co.*, 98
Mass., 381-407, it was held that it was the province of the
jury to determine upon the evidence, and in view of all the
circumstances under which the spitting of blood by An-

drew Campbell was testified to before them, "whether his representations in regard to it, in his answers to the inquiries of the company, varied from the truth in any respect material to the risk. It was for them to judge not only of the fact of variance, but of its extent and materiality." And yet they could not, under the guise of doing this, find that diseases and infirmities were not material to be disclosed, "which the parties had by the form of the policy and application, conclusively made material."

In construing this contract on the former appeal, it was held that where the representations are of such a character that their materiality is a matter of common knowledge, upon which reasonable minds could not differ, their materiality should not be submitted to the jury. Our investigation has led us to the conclusion that this statement of the rule is not wholly sound. The better and safer statement of the rule would seem to be one in harmony with the authorities herein cited,—that the asking of the question by the company is a declaration by it that the fact sought to be elicited by the question is material, and the answer by the applicant, whereby he procures the policy to be issued, is an assent to its materiality; the form of the application and the policy constituting an agreement that the statements are material to the risk. *Miller v. Mutual Benefit Life Ins. Co.*, 31 Ia., 216, 232; May, Insurance [4th ed.], sec. 185; *Mutual Benefit Life Ins. Co. v. Wise*, 34 Md., 583; *Campbell v. New England Mutual Life Ins. Co., supra*. Such a construction would still, in each instance, leave open to the determination of the jury the question whether the answer or representation was true, and if not, whether its variance from the truth was material to the risk.

In Pennsylvania, the doctrine of warranties as at common law obtains, except as modified by the Pennsylvania act of June 23, 1885, providing, in substance, that an untrue statement in a policy containing a warranty shall not avoid the policy unless it relate to some matter material to the risk. It is apparent that under such a statute the ques-

tion for judicial investigation would be whether any fact concerning which inquiry was made, and an untrue answer was given, was material to the risk. This is one of a class of statutes enacted to relieve against the hardship of strict warranties in insurance policies. *Pennsylvania Mutual Life Ins. Co. v. Mechanics' Savings Bank & Trust Co.*, 72 Fed. Rep., 413. The distinction between the common law applicable to insurance policies in Pennsylvania, and as there modified by statute, and the law of this state, is that the former regards all material statements to be warranties, so that where one is shown to be untrue, the question occurs upon its materiality; while in this state, statements which the parties themselves have agreed to be warranties may nevertheless be held representations, as already decided in the prior opinion in this case. Accordingly it was held in *March v. Metropolitan Life Ins. Co.*, 186 Pa. St., 629, heretofore cited in the prior opinion, that where the materiality of an untrue statement is of doubtful character, its materiality should be decided by the jury; but certain questions were therein held to be material, and therefore the submission to the jury of the question of their materiality was held to be error. In the case at bar, the representations are held as a matter of law to be material, and being material, the question of their materiality could not be submitted to the jury. In *March v. Metropolitan Life Ins. Co., supra,* it is said: "Where the materiality of a statement to the risk involved is itself of a doubtful character its materiality should be submitted to the jury." In that case, whether the falsity of a statement shall avoid the policy is to be determined by its materiality. If material, it is a warranty; if not, and it has been made in good faith, it can not effect a forfeiture. It is to be observed that under the Pennsylvania law, if a statement is material to the risk, and is untrue, the policy is forfeited; whereas under our law, a statement may be material, it may be untrue, and yet the policy valid, if its falsity is not in some particular material to the risk. Under the one law, given a statement conceded to be untrue,

the question would be upon its materiality, and not the extent of its variance from the truth; under the other law, given a statement conceded to be untrue, the sole question would be the extent to which it varied from the exact truth, and whether the variance affected the risk. It may be further noted that by the Pennsylvania act, modifying the common law, an untrue statement, if immaterial and if made in good faith, shall not forfeit the policy. *Hermany v. Fidelity Mutual Life Ass'n*, 151 Pa. St., 17. But on the other hand, it has been said: "If, though the question untruly answered relates to something not directly material to the risk, the untrue answer is made in bad faith,—that is, with a knowledge of its falsity, and for the purpose of misleading the company into the contract,—the implication of the statute is that the rule at common law shall prevail, and the policy shall be avoided." *Pennsylvania Mutual Life Ins. Co. v. Mechanics' Savings Bank & Trust Co.*, 72 Fed. Rep., 413, 419. Whereas, under the law in this state, it would seem that the falsity of an answer or representation in a particular material to the risk avoids the policy, without reference to the good faith of the applicant. In Pennsylvania, therefore, the falsity of an answer suggests two questions to be determined by judicial investigation, namely, its materiality, and its *bona fides*. Accordingly it was said in *Hermany v. Fidelity Mutual Life Ass'n, supra*, construing this statute (p. 23): "This act has effected a change in life insurance contracts,—a much needed change so far as some insurance companies are concerned. The questions of materiality and good faith are ordinarily questions of fact, and therefore for the jury. They were certainly so in this case." And further it is said: "The evident purpose of this legislation was to strike down, in this class of cases, literal warranties so far as they may be resorted to for the disreputable purpose of enforcing actually immaterial matters. It provides a rule of construction for the purpose of preventing injustice." From this it is apparent that the purpose under the Pennsylvania law of submit-

ting an answer to the jury which is supposedly false is to determine—first, whether it is material, and second, whether it was made in good faith, in order to determine whether it shall be wholly disregarded or be held to be a strict warranty under the law. Before it can be disregarded, as immaterial, it must have been made in good faith. It is, therefore, peculiarly a question for the jury. We are, therefore, of the opinion that *March v. Metropolitan Life Ins. Co., supra,* is not applicable in this case, and can not be cited, either as in harmony or in conflict with the rule herein announced,—that the materiality of the representation is concluded by the agreement of the parties, and that the jury can alone pass upon the extent and materiality of any variance from the truth.

In the brief of counsel for defendant in error, there is a reference to 1 Bacon, Benefit Societies & Life Insurance, section 219, to the effect that whether the representation is material is a question for the jury. The cases appended to the text, which we have examined, do not sustain the point. Only a few of them need be mentioned. *Mutual Benefit Life Ins. Co. v. Wise,* 34 Md., 583, holds that the representations were made material by agreement of the parties, and that their truth alone was open to the consideration of the jury. In *Doty v. New York State Mutual Benefit Ass'n,* 9 N. Y. Supp., 42, there was a sharp conflict in the testimony as to whether the representations were true or false, and it was held that the question of their truth was properly submitted to the jury. The other cases can not be said to bear upon the question at issue.

Defendant in error contends that the instructions are in harmony with *Kettenbach v. Omaha Life Ass'n,* 49 Nebr., 842. We do not think so. There it is said that the company has the burden of proving that the answers were false in some particular material to the risk. It can not be said that any language in that opinion warrants the submission to the jury of the question whether the representations were material.

It is urged that defendant below can not predicate error upon the giving of these instructions because in their giving the trial court followed literally the averments as made in the answer of the company. The defendant below alleged as to each of the answers that it was "knowingly and willfully untrue and false, and was as to a fact material to the risk." Assuming, without deciding, that the error would be waived, had the company pleaded and sought to prove that the answers were material to the risk, we can not say that it is clear that such was the intention of the pleader in the case at bar. Pleadings are to be liberally construed, except as to the omission of material facts, when the presumption is that they do not exist. Code of Civil Procedure, sec. 121; *McArthur v. Clarke Drug Co.*, 48 Nebr., 899; *School District No. 16 v. School District No. 9*, 12 Nebr., 241. It was incumbent upon the defendant company to plead and prove—first, that the answer was untrue; and second, that it was untrue in some particular material to the risk. *Kettenbach v. Omaha Life Ass'n, supra.* It was not incumbent upon the defendant to plead and prove that the answers were material to the risk. Did it so plead? We think the reasonable intendment of the pleading is that the answer was untrue, and was untrue as to a fact material to the risk. However, by the instruction under consideration, the jury were told that they might disregard the representations of the assured, as immaterial, without reference to their truth. Where incorrect instructions are given, the error will not be deemed harmless on review unless such fact is made clearly to appear from the record. *McCook v. Kemp*, 59 Pac. Rep. [Kan. App.], 1100. Under the record and evidence in this case, we do not think that this error can be said to be harmless or immaterial. It is true that defendant's requested instructions were based wholly upon the theory that the answers must be literally true before plaintiff could recover, and not substantially true, but the failure of defendant in this regard did not relieve the trial court of the duty correctly to instruct the jury as to the law.

Where instructions given are vague, incomplete and uncertain, better instructions should be tendered. *Brownell v. Fuller,* 60 Nebr., 558. And a failure so to do has frequently been construed as a waiver of the error. *Sioux City & P. R. Co. v. Finlayson,** 16 Nebr., 587. But we do not think that this rule applies to cases where a party requests instructions wrong in point of law, and the court, in refusing those tendered, gives in lieu thereof other instructions equally erroneous, to which exceptions are duly taken. The case then comes under the rule that where the instruction given is wrong, the question is whether the jury were, or may probably have been, misled by such misstatement of the law. Upon an examination of this record we are left wholly in doubt whether the verdict would not have been otherwise had the instructions been free from the error pointed out. It is therefore apparent that the case should be reversed and the cause remanded for further proceedings. The judgment announced in the former opinion should be adhered to, and the rule of law as announced in the second syllabus should be modified as indicated. It is recommended that the same be done.

HASTINGS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings. The rule announced in the second syllabus of the former opinion modified.

REVERSED AND REMANDED.

---

* 49 Am. Rep., 724.