Matthias, J.
The question of the right of the beneficiary to recover upon the policy of life insur *179 anee involved in this action depends upon the correctness of the proposition stated in the portion of the charge of the court, which is as follows:
“I charge you, ladies and gentlemen, that if you find by a preponderance of the evidence that the witness Dr. Brady was the agent of the defendant insurance company for the purpose of making the medical examination of the applicant, Harry Benedict, and you further find that he made said examination and reported his findings as to the physical condition of said Harry Benedict, and as to his insurability, to the defendant insurance company, and that Dr. Brady, subsequent to making said medical examination and report thereof to the defendant insurance company, on either the 15th of December, 1918, or on the 19th of December, 1918, or both, received knowledge of the changed condition of insurability of said Harry Benedict, the knowledge of said Dr. Brady is imputed to the defendant insurance company, and his knowledge is the knowledge of the defendant. And if you find that the defendant company, after having said knowledge, or after Dr. Brady had knowledge, of the changed condition of insurability, accepted the application, or issued a policy, and placed it in the mails, upon the life of Harry Benedict, the defendant company is estopped to deny liability on the policy of insurance sued on by the plaintiff on the ground of changed condition of insurability of the insured.”
It is an undisputed fact that Benedict, the applicant, was not “in the same condition of insurability” on December 20, 1918, the time of the approval of his application of insurance at the home office, as he was on the date of his application, December 12, or *180 on the date of his medical examination, December 13, and consequently did not meet the requirement of the provision of part B of the application; that the contract of insurance was not complete unless and until the same was approved at the home office of the company “while the person to be insured is in the same condition of insurability shown by part B of the application.” The home office ha.d no knowledge of such changed condition of insurability, but it is contended that the knowledge of Dr. Brady, the physician who made the medical examination of the applicant, was the knowledge of the company, and that having issued the policy with such knowledge it waived the condition above referred to and is liable for the full amount of the policy.
The record discloses that Dr. Brady, as one of a list of eligible physicians, was called upon by the agent of the company to make the medical examination of Mr. Benedict at the time he filed his application for insurance; that he made such examination and reported to the company, for which he was paid a fee, and thereafter had no other duty and no further responsibility in relation thereto. There was no further obligation upon the part of Dr. Brady, and no further obligation upon the part of the company to Dr. Brady. That examination and report were made December 13. Dr. Brady was a friend of Mr. and Mrs. Benedict, and as such learned of the attack of indigestion from which Mr. Benedict suffered on December 15, and for which he was treated by another physician, and either on the 19th or 20th of December he also learned of the operation for appendicitis which had been performed on the 18th. It does not appear that this physician, em *181 ployed merely for the purpose of making a medical examination, and report thereof, had any authority at any time, hy act or word, to make or enter into any contract on behalf of the insurance company, and it must therefore follow that he could not by any act or failure to act upon knowledge in any manner received by him waive any right of the company. If he could not by his act bind the company, surely he could not by reason of his information with reference to any fact which he was under no obligation to impart to the company, and with reference to which he had no duty whatever, bind the company by reason of any claimed waiver of such facts and conditions, of which the company, or its agent authorized to act in such matters, had no knowledge whatever.
This proposition is clearly stated in Joyce on Insurance (2d Ed.), Section 515&, as follows:
“And a medical examiner of an insurance company required by it to fill out medical certificates is not the agent of the company for anything more than such certificates. Notice to him of anything not called for by his certificate is not notice to the insurer.”
Supporting this proposition are numerous cases, among which may be cited: Leonard v. State Mutual Life Assurance Co., 24 R. I., 7, 51 Atl., 1049, 96 Am St. Rep., 698; John Hancock Mut. Life Ins. Co. v. Houpt (C. C.), 113 Fed., 572; and Gallant v. Metropolitan Life Ins. Co., 167 Mass., 79, 44 N. E., 1073.
The question presented may be determined by the application of a very clear and plain proposition of the law of agency, which is that knowledge of, or notice to, an agent, in order to be binding upon his *182 principal, must come to an agent who is authorized to deal in reference to those matters which the knowledge or notice affects, and whose duty it therefore is to communicate it to his principal, and the fact that some other agent employed in reference to different and distinct transactions may have had notice or knowledge will not affect the principal. This is a substantial statement of the rule announced in 2 Mechem on Agency (2d Ed.), Section 1831, which is supported by many cases there cited. As there very pertinently suggested, except where an agent is expressly delegated to receive notice, or is referred to as one to whom notice may be given, or where the agent is placed in such a position of general authority that notice to him will be notice to his principal, because it must be determined to be within his authority to receive it, notice to an agent binds the principal only because the receipt thereof can be deemed an incident to the act which the agent is authorized to perform. It would seem perfectly obvious that a principal cannot be bound by any knowledge or information coming to an agent who had no duty or obligation to communicate such facts to the principal, and certainly not as to any knowledge or information coming to an agent who had no further authority to represent the principal, and no further duties whatever to perform with reference to the transaction in which he had been engaged.
The further pertinent statement upon this proposition is made in 2 Mechem on Agency (2d Ed.), Section 1834:
“If the theory upon which notice is to be imputed be the legal identity of the principal with the agent, then the person to whom the notice comes must be *183 such a person and acting in such a capacity that it may fairly be said that, for the time being, he is the principal. If the true theory be that the agent owes a duty to communicate, then the person to whom the notice comes must be such a one and acting in such a capacity that it may fairly be said that the principal looks to him for information concerning the subject-matter; that he is the person to whom information is likely to come, and whose duty it would be to communicate it.”
The cases cited by counsel for plaintiff in error are clearly distinguishable from the instant case upon the grounds above stated, as for instance the case of Foster v. Scottish Union & National Ins. Co., 101 Ohio St., 180, 127 N. E., 865, much relied upon; for there the agent whose act was in question was fully authorized to act and make an election or waive a condition, and it was that agent also who had the knowledge affecting the waiver or election. In the instant case the agent had nothing whatever to do with the contract and no power whatever to act on behalf of the company. More clearly applicable here is the rule announced in the case of Ohio Farmers’ Ins. Co. v. Titus, 82 Ohio St., 161, 92 N. E., 82, as is manifest from a discussion of that case in the opinion of the court in the case of Foster v. Insurance Co., supra, for in that case, as here, “the agent’s knowledge was obtained at a time when he had ceased to have any duty to perform with respect to the property or insurance in question, and no longer possessed power real or apparent with respect thereto.” A further distinction is apparent in this case, as previously observed, for it does not *184 appear that Dr, Brady at any time “possessed power real or apparent with respect thereto.”
It follows that from both principle and authority Dr. Brady was not such an agent of the company that action upon the part of the company in approving the application for insurance can be held to have been a waiver of express conditions and stipulations because of the mere casual knowledge and information which came to him.
The judgment of the Court of Appeals is therefore affirmed.

Judgment affirmed.

Marshall, C. J., Robinson, Jones and Day, JJ., concur.